IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| And | )<br>) |
| PROGRESSIVE ADVANCED INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 4:20-cv-280<br>) |
| MIDWEST DIVISION – RMC, LLC<br>D/B/A RESEARCH MEDICAL CENTER,<br>   Serve: STK Registered Agent, Inc.<br>        120 W. 12th St., Ste. 1800<br>        Kansas City, MO 64105 | )<br>)<br>)<br>)<br>)<br>) |
| JOHN R. WELLS,<br>   Serve: 5500 E. 30th Terr.<br>        Kansas City, MO 64128 | )<br>)<br>) |
| WILLIAM T. WELLS,<br>   Serve: 4308 Paseo Blvd.<br>        Kansas City, MO 64110 | )<br>)<br>) |
| MITCHELL C. MCHENRY,<br>   Serve: 5641 Belfontaine<br>        Kansas City, MO 64130 | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Progressive Casualty Insurance Company (hereinafter: "Progressive Casualty") and Progressive Advanced Insurance Company ("Progressive Advanced"), by and through their undersigned counsel of record, and for their Complaint for Declaratory Judgment

under 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

1. Plaintiff Progressive Casualty Insurance Company is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Ohio, with its principle place of business in Cleveland, Ohio, engaged in the business of selling automobile insurance policies and authorized to do business and doing business in the State of Missouri.

2. Plaintiff Progressive Advanced Insurance Company is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Ohio, with its principle place of business in Cleveland, Ohio, engaged in the business of selling automobile insurance policies and authorized to do business and doing business in the State of Missouri.

3. Midwest Division – RMC, LLC d/b/a Research Medical Center, "Research Medical Center", is a Delaware limited liability company located in and registered to do business in Missouri. Defendant Research Medical Center operates a physical location at 2316 E. Meyer Blvd., Kansas City, MO 64132, and the registered agent for service of process on Defendant is STK Registered Agent, Inc., located at 120 W. 12th St., Ste. 1800, Kansas City, Missouri.

4. Defendant John R. Wells is a resident of the State of Missouri and may be served at 5500 E. 30th Terr., Kansas City, MO 64128.

5. Defendant William T. Wells is a resident of the State of Missouri and may be served at 4308 Paseo Blvd., Kansas City, MO 64110.

6. Defendant Mitchell McHenry is a resident of the State of Missouri and may be served at 5641 Belfontaine, Kansas City, MO 64130.

7. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorney's fees, and

there exists complete diversity of citizenship. Furthermore, and pursuant 28 U.S.C. §1367, the claims of Plaintiff and its relationship with Defendants arise out of a common nucleus of operative fact and /or the same transaction or occurrence such that supplemental jurisdiction further exists.

8. Venue is proper in the Western District of Missouri under 28 U.S.C. §1391 because at least one Defendant is a Missouri resident and a substantial part of the events giving rise to this action occurred in this District.

## FACTS OF THE INCIDENT

9. On or about December 3, 2019, John Wells, William Wells, and Mitchell McHenry ("Claimants") were involved in an automobile accident with an uninsured / unidentified motorist in Kansas City, Missouri, which allegedly resulted in injuries to each, to which each Claimant sought treatment in the emergency room at Research Medical Center.

10. Each of the Claimants received treatment at the Research Medical Center ER, and were discharged the same day.

11. While at the ER, each of the Claimants received CT imaging studies without contrast, to which Claimants John Wells, William Wells, and Mitchell McHenry being billed a total of $32,440.36, $44,226.37, and $37,502.40, respectively.

12. As part of each of these bills, John Williams was billed by Research $7,345.23 for a Head / Brain CT scan without contrast, $11,299.32 for a Cervical CT scan without contrast, and $10,696.88 for a Chest CT scan without contrast, for a total of $29,341.43 billed for diagnostic imaging alone.

13. As part of each of these bills, William Wells was billed by Research $7,345.23 for a Head / Brain CT scan without contrast, $11,299.32 for a Cervical CT scan without contrast,

$11,238.57 for a Thoracic CT scan without contrast, and $11,238.57 for a Lumbar CT scan without contrast, for a total of $41,121.69 billed for diagnostic imaging alone.

14. As part of each of these bills, Mitchell McHenry was billed by Research $11,299.32 for a Cervical CT scan without contrast, $11,238.57 for a Thoracic CT scan without contrast, and $11,238.57 for a Lumbar CT scan without contrast, for a total of $33,776.46 billed for diagnostic imaging alone.

15. According to Research Medical Center's online price guide, Research Medical Center represents the estimated price range cost for a diagnostic CAT / CT scan to be between $1,598 - $2,648.

16. According to the amounts billed by Research for each of the Claimants, Research billed Claimants between approximately three to seven times the estimated price amounts.

## THE PROGRESSIVE POLICY INSURANCE CONTRACTS AND CLAIMS FOR COVERAGE

17. On or about October 28, 2019, Progressive Casualty Insurance Company issued a Missouri automobile insurance policy no. 931476466 to John Wells as the named insured under the policy, which carried uninsured motorist coverage "UM" bodily injury limits of $50,000 each-person / $100,000 each-accident. *See* Progressive Policy. 931476466, Declarations Page, attached herewith as "Pl. Ex. A" (hereinafter: "John Wells Progressive Policy").

18. On or about October 17, 2019, Progressive Advanced Insurance Company issued a Missouri automobile insurance policy no. 933641254 to William T. Wells as the named insured under the policy, which carried UM coverage bodily injury limits of $25,000 each-person / $50,000 each-accident. *See* Progressive Policy, 933641254, Declarations Page, attached herewith as "Pl. Ex. B" (hereinafter: "William Wells Progressive Policy").

19. On or about October 17, 2019, Progressive Casualty Insurance Company issued a Missouri automobile insurance policy no. 931355228 to Mitchell McHenry as the named insured under the policy, which carried UM coverage bodily injury limits of $100,000 each-person / $300,000 each-accident. See Progressive Policy, 931355228, Declarations Page, attached herewith as "Pl. Ex. C" (hereinafter: "Mitchell McHenry Progressive Policy").

20. Following the incident, and following receipt of Research Medical Center's extraordinarily inflated bills for routine, simple diagnostic imaging studies, Claimants each sought uninsured motorist coverage ("UM") from each of their respective Progressive insurance policies arising out of the December 3, 2019 accident.

21. Claimants contend that the amounts billed by Research constitutes the reasonable value of the services rendered and seek coverage from each of their respective Progressive policies relating to the full billed amounts from Research.

## COUNT I: DECLARATORY JUDGMENT

22. Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 21 of this Complaint for Declaratory Judgment as though fully set forth herein.

23. Consistent with its obligations pursuant to each policies' UM coverage, Progressive is required to pay for the amounts for bodily injury which each Claimant is entitled to recover from the uninsured motorist.

24. Pursuant to 430.715 RSMo and attending case law, Claimants are only entitled to recover for those amounts which are reasonable and necessary which are causally related to the negligence of the uninsured motorist.

25. Progressive hereby seeks declaratory judgment that the charged and billed amounts above by Research Medical Center to Claimants arising out of the December 3, 2019 accident are not reasonable or customary, and to declare the reasonable and customary amounts of same.

WHEREFORE, Progressive Casualty and Progressive Advanced pray for judgment as follows:

a. That the amounts charged and billed by Research Medical Center to Claimants for treatment arising out of the December 3, 2019 accident are not reasonable and customary;

b. To declare the reasonable and customary amount of the bills and charges assessed by Research Medical Center for its treatment of Claimants arising out of the December 3, 2019 accident;

c. For such other and further relief as this Court deems just and proper.

**HARRIS AND HART, LLC**

_/s/ Brette S. Hart_
Brette S. Hart #57593
Matthew W. Greenberg #66434
9260 Glenwood Street
Overland Park, KS 66212
(913) 213-6980/FAX (913) 213-6991
bhart@harrisandhart.com
mgreenberg@harrisandhart.com
ATTORNEYS FOR PLAINTIFFS